UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-593-FDW
(3:05-cr-298-FDW-CH-1)

| | |
|---|---|
| DAMEON LAMONT DUNLAP, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on Respondent's Motion to Dismiss Petitioner's Motion to Vacate, (Doc. No. 7). Petitioner moves this Court to vacate his conviction on the basis of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Because Petitioner's motion is untimely, the Court will dismiss the motion to vacate.

**I.    BACKGROUND**

Petitioner Dameon Lamont Dunlap was indicted by the Grand Jury for the Western District of North Carolina on August 23, 2005, and charged with possession with intent to distribute crack cocaine and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. §841(b)(1)(C),  and 18 U.S.C. § 2, and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Case No. 3:05cr298, Doc. No. 1: Indictment). On September 19, 2005, the Government filed a Notice of Intention to Seek Enhanced Penalties pursuant to 21 U.S.C. § 851, notifying Petitioner that the Government intended to rely on his

1

prior felony drug convictions for the purpose of sentencing.  (Id., Doc. No. 4: Notice of Intent to Seek Enhanced Penalties).  These convictions included six prior felony convictions, including three convictions for possession with intent to sell/deliver cocaine, one conviction for felony possession of cocaine, one conviction for felony sale of cocaine, and one conviction for felony delivery of cocaine.

On July 11, 2006, Petitioner entered into a plea agreement in which he agreed to plead guilty to the drug-trafficking offense, in exchange for the Government's agreement to dismiss the firearm charge.  (Id., Doc. No. 19: Plea Agreement).  The plea agreement included a waiver of Petitioner's right to challenge either his conviction or his sentence in any post-conviction proceeding, except on the grounds of ineffective assistance of counsel or prosecutorial misconduct.  (Id., Doc. No. 19 at 5).  Petitioner appeared with counsel and formally entered his guilty plea at a Rule 11 hearing before the Honorable U.S. Magistrate Judge David C. Keesler on August 1, 2006, and his plea was accepted as knowing and voluntary.  (Id., Doc. No. 20: Acceptance and Entry of Guilty Plea).

Before Petitioner's sentencing hearing, the probation office prepared a Presentence Report ("PSR"), in which the probation officer concluded that Petitioner was a career offender for the purposes of U.S.S.G. § 4B1.1, citing specifically two of Petitioner's convictions for possession with intent to sell and deliver cocaine.  Based on a total offense level of 31 and a criminal history category of VI, the probation officer calculated an advisory Sentencing Guidelines range of imprisonment between 188 and 235 months.  On September 4, 2007, the Court sentenced Petitioner to 188 months in prison, at the bottom of the Guidelines range, entering its judgment on December 19, 2007.  (Id., Doc. No. 26: Judgment).

Petitioner did not appeal. On November 17, 2011, Petitioner filed the instant motion to vacate, arguing that none of his prior convictions qualified as felony offenses for purposes of his designation as a career offender under Simmons. Petitioner also asserts that his motion is timely under 28 U.S.C. § 2255(f)(3) and 28 U.S.C. § 2255(f)(4). Respondent filed the pending motion to dismiss on March 1, 2012, and Petitioner filed his brief in response on March 14, 2012.

## II.     STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter and the parties' briefs on Respondent's motion to dismiss, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)(4).

Here, Petitioner's judgment became final when his time for filing an appeal expired, or ten days after judgment was entered on December 19, 2007. See FED. R. APP. P. 4(b) (pre-2009 amendments, granting ten days in which to file a notice of appeal). Since Petitioner did not file his Section 2255 motion to vacate until November 17, 2011, his motion is untimely. Petitioner contends that his petition is timely under 28 U.S.C. § 2255(f)(3), which provides that the one-year time period runs from "the date on which the right asserted was recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Petitioner contends that his petition is timely under Section 2255(f)(3) because it was filed within one year of Simmons.

Petitioner's argument fails. Because Simmons is not a Supreme Court decision, it did not re-open the time period during which Petitioner could file his motion. Furthermore, after Petitioner filed the instant Section 2255 motion, the Fourth Circuit held that the Supreme Court's decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), announced a procedural rule not retroactively applicable to cases on collateral review. United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012). The Fourth Circuit expressly rejected Powell's contention that his motion was timely because it was filed within one year of Carachuri. Here, Carachuri was decided on June 14, 2010, and Petitioner filed the instant Section 2255 petition on November 17, 2011. Thus, Petitioner did not file the petition within one year of Carachuri. Even if he had, however, Powell makes clear that his petition would not be timely under Section 2255(f)(3).

4

Petitioner also contends that his petition is timely under 28 U.S.C. § 2255(f)(4), which provides for a one-year time period for the filing of a Section 2255 motion after "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Although Petitioner suggests that this provision applies to render his motion timely, "facts" as used in Section 2255(f)(4) refers to an actual or alleged event or circumstances, not to the date a petitioner recognizes their legal significance, United States v. Pollard, 416 F.3d 48, 55 (D.C. Cir. 2005). Section 2255(f)(4), therefore, may not be used to re-open the time period for filing an initial Section 2255 petition on the basis of new legal authority; rather "subsequent interpretations of the law 'can be the basis of delay in filing a § 2255 motion only in accordance with § 2255(f)(3).'" Sun Bear v. United States, 644 F.3d 700, 702 n.5 (8th Cir. 2011) (en banc) (quoting district court opinion). Petitioner does not allege that he recently discovered any new facts pertinent to his claim for relief under Simmons. Instead, Petitioner relies entirely on the change in the law that Simmons recognized. Because Section 2255(f)(4) does not serve to re-open the time period for filing an initial Section 2255 under these circumstances, it does not render Petitioner's motion timely. Accord McLeod v. United States, No. 5:12cv622, 2013 WL 831633 (E.D.N.C. Mar. 6, 2013) (petitioner's motion to vacate seeking Simmons relief was not timely under Section 2255(f)(4)). In sum, Petitioner's motion to vacate is time-barred.[1]

---

[1] Petitioner has not argued that the Court should apply equitable tolling to his Simmons claim. In any event, equitable tolling is not appropriate in this case because Petitioner would not be entitled to relief on the merits since his sentence was less than the statutory maximum sentence allowed even without the career offender enhancement. See Powell, 691 F.3d at 563 n.2 (King, J., dissenting in part and concurring in the judgment in part) (noting that career offenders do not receive sentences exceeding the applicable statutory maximum and thus "cannot rely on Carachuri to obtain § 2255 relief").

Finally, the Court notes that even if Petitioner's claims were not time-barred, Petitioner explicitly waived his right to challenge his sentence in a post-conviction proceeding in his plea agreement. Such waiver is enforceable as long as the defendant waives this right knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."). Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a Section 2255 post-conviction proceeding. Petitioner has not presented either a claim of ineffective assistance of counsel or a claim of prosecutorial misconduct. Accordingly, neither of the exceptions to his waiver applies, and, even if not time-barred, his motion would be subject to dismissal.

### IV.    CONCLUSION

For the foregoing reasons, the Court dismisses Petitioner's Section 2255 petition as untimely.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion to Dismiss, (Doc. No. 7), is **GRANTED**, and Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as untimely.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: March 12, 2013

Frank D. Whitney
United States District Judge